IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-00322-FL-1
NO. 5:12-CV-00558-FL

| | | |
|---|---|---|
| MCKINLEY SHONDELL JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-43) petitioner McKinley Shondell Jones's motion (DE-40) under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). Jones has responded to the motion to dismiss (DE-53) and, accordingly, the motion to dismiss is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motion to vacate and the motion to dismiss have been referred to the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that the motion to vacate (DE-40) be DENIED and the motion to dismiss (DE-43) be GRANTED.

I. **BACKGROUND**

On February 4, 2008, Jones pled guilty pursuant to a written plea agreement to (1) possession with the intent to distribute more than fifty (50) grams of cocaine base (crack),

1

in violation of 21 U.S.C. § 841(a)(1), as charged in count one of the indictment; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), as charged in count two of the indictment. (DE-23, DE-25). In the plea agreement, Jones agreed, *inter alia*, to

> waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 1-2, DE-25. For its part, the government agreed to dismiss count three of the indictment. The parties further agreed that a downward adjustment of three levels for acceptance of responsibility was warranted under U.S.S.G. § 3E.1. Plea Agreement 10, DE-25.

At sentencing on July 10, 2008, the district court granted the government's motion for downward departure pursuant to U.S.S.G. §5K1.1 and sentenced Jones to a below-guideline sentence of 204 months on count one and a consecutive 60 months on count two, for a total of 264 months' imprisonment. (DE-33, DE-34). Jones did not appeal from the conviction and sentence.

On August 21, 2012, Jones filed the instant motion pursuant to 28 U.S.C. § 2255 asserting that, in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he was improperly sentenced as a career offender.

2

(DE-40). In his response to the government's motion to dismiss, Jones raises an additional claim of ineffective assistance of counsel. (DE-53). The government asserts that the motion to vacate is untimely, without merit, and should be dismissed.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

### B. 28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence

3

was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

C. **Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v.

5

Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity"' . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings."' Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated– "permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

Jones asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See* Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

With these legal precepts in mind, the undersigned considers the government's motion to dismiss.

### III. ANALYSIS

**A. Petitioner's Motion to Vacate is Untimely**

Here, the motion to vacate is untimely. This Court imposed judgment on July 10, 2008. Jones did not appeal his conviction or sentence. As Jones did not file a direct appeal, his conviction became final for purposes of 28 U.S.C. § 2255 on July 10, 2008. *See* United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir.) (concluding that, where a petitioner does not pursue direct appellate review, his judgment of conviction becomes final for purposes of the one-year limitations period for filing a motion pursuant to § 2255 on the date the district court enters judgment), *cert. denied*, 534 U.S. 1032 (2001); Martinez v. Haynes, No. 5:09-HC-2008-D, 2010 U.S. Dist. LEXIS 82498, at *6-7 (E.D.N.C. Aug. 4, 2010) (applying same analysis for 28 U.S.C. § 2254 petition). Jones did not file his motion to vacate until August 21, 2012, more than four years after his conviction was final. The motion to vacate is therefore untimely and should be dismissed.

Jones contends that his motion should be considered timely pursuant to 28 U.S.C. § 2255(f)(4), which provides that the one-year period of limitation for filing of § 2255 motions to vacate shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Jones contends that the Fourth Circuit's decision in *Simmons* constitutes a "fact supporting [his] claim," and he therefore asserts that the limitation period for filing his § 2255 motion should toll from that opinion's August 17, 2011 issuance date.

This argument has been squarely rejected by this Court, however. *See* United

8

Case 5:07-cr-00322-FL   Document 55   Filed 03/25/13   Page 8 of 16

States v. Hardison, Nos. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 U.S. Dist. LEXIS 14802, at *5 (E.D.N.C. Dec. 27, 2011) (concluding that the Fourth Circuit's decision in *Simmons* does not constitute a "fact supporting [a 2255] claim" pursuant to 28 U.S.C. § 2255(f)(4)). More importantly, the Fourth Circuit has now determined that the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), applied by the Fourth Circuit in *Simmons*, did not recognize a new substantive right retroactively applicable to cases on collateral review. *See* United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Instead, "the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment" and is therefore "not retroactively applicable to cases on collateral review." *Id.* Accordingly, the Fourth Circuit in *Powell* dismissed the § 2255 motion as untimely. *Id.* at 560.

Jones also asserts his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which provides for review within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As explained above, however, the Fourth Circuit rejected this argument in *Powell*. Accordingly, 28 U.S.C. § 2255(f)(3) does not assist Jones and the motion to vacate is untimely. *See* United States v. Tomlinson, 2013 U.S. App. LEXIS 1703 (4th Cir. Jan. 24, 2013) (unpublished).

Further, the undersigned finds no grounds for equitable tolling, which is a "rare"

9

remedy that "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Jones has not shown that he has diligently pursued his rights or that misconduct or extraordinary circumstances prevented him from timely filing the instant motion to vacate. *See* McClain v. United States, Nos. 3:12-CV-5, 3:08-CR-218, 2012 U.S. Dist. LEXIS 11750, at *6-7 (W.D.N.C. Feb. 1, 2012) (dismissing the petitioner's § 2255 motion to vacate as untimely and declining to apply equitable tolling, despite the government's concession that the petitioner was actually innocent of being a felon in possession of a firearm in light of *Simmons*).

The undersigned therefore concludes that the motion to vacate is untimely and should be dismissed. *See* Revis v. United States, Nos. 4:06-CR-91-FL-1, 4:12-CV-21-FL, 2012 U.S. Dist. LEXIS 181665, at *1-2 (E.D.N.C. Dec. 26, 2012) (adopting memorandum and recommendation dismissing as untimely motion to vacate brought pursuant to *Simmons*).

### B. **Petitioner's Motion to Vacate Fails to State a Viable *Simmons* Claim**

Even if considered timely, the motion to vacate should nevertheless be denied because it fails to state a cognizable claim upon which relief may be granted. Jones argues the district court improperly enhanced his sentence because his prior convictions do not qualify him as a career offender under the provisions of U.S.S.G. § 4B1.1, based on the Fourth Circuit's holding in *Simmons*. A defendant is a career offender under § 4B1.1(a) if the following conditions are satisfied:

10

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In *Simmons*, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which that individual defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. Jones contends that his prior state convictions do not qualify him for the career offender enhancement, because he could not have received a sentence of more than one year of imprisonment for his offenses. This assertion is simply incorrect.

As outlined in paragraph 14 of Jones's Presentence Report (PSR), he received a 6-year sentence for his August 4, 1994, conviction for possession with intent to sell and deliver cocaine. Paragraph 25 of the PSR shows that Jones received a 13 to 16 month sentence for his March 18, 2002 conviction of possession with intent to manufacture, sell or deliver cocaine. Jones received a 17 to 21 month sentence for his April 30, 2002 conviction for assault with a deadly weapon of a government official. As outlined in paragraph 27 of the PSR, Jones received a 35 to 42 month sentence for his March 18, 2002 conviction for two counts of trafficking cocaine. Finally, as shown in paragraph 28 of the PSR, Jones received a 15 to 18 month sentence for his March 25, 2004 conviction for escape from state prison. Thus, Jones's criminal history firmly establishes him as a career

11

offender as that term was explained in *Simmons*. Notably, however, Jones was not sentenced as a career offender. As explained in paragraph 56 of the PSR, because Jones's adjusted offense level of 38 was greater than level 37 as determined under U.S.S.G § 4B1.1, the higher offense level of 38 was utilized by the Court in calculating his guideline range. Jones's assertion that he qualifies for relief under *Simmons* is therefore entirely erroneous.[1]

Moreover, by virtue of the plea agreement he entered, Jones has waived the right to challenge his sentence on any grounds other than "ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); Lemaster, 403 F.3d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. *See* United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. Jones does not claim his plea was unknowing or involuntary. Accordingly, Jones's claim of improper sentence enhancement is precluded by the terms of the plea agreement and may also be rejected on this basis. *See* White v. United States, Nos. 4:06-CR-068-FL-1, 4:11-CV-083-FL, 2012 U.S. Dist. LEXIS 103689, at *16-18 (E.D.N.C. July 24, 2012) (concluding that the petitioner's claim to sentence reduction because of the amendment of

---

1. Assistant Federal Public Defender Devon L. Donahue was appointed pursuant to Standing Order 11-SO-03 to investigate Jones's case for *Simmons*-related error. The Court allowed attorney Donahue's motion to withdraw upon her notification that she did not intend to file any motions on behalf of Jones. (DE-51).

U.S.S.G. § 4A1.1(e) constituted an impermissible challenge to his sentence barred by the appeal and collateral challenge waiver in his plea agreement).

### C. Petitioner Fails to State a Claim for Ineffective Assistance of Counsel

In his response to the government's motion to dismiss, Jones claims he received ineffective assistance of counsel because his trial attorney, Bridgett Britt Aguirre, predicted he would receive a fifteen-year sentence. However, a "'miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" Hughes v. United States, Nos. 1:05CV57, 1:02CR-45-8, 2007 U.S. Dist. LEXIS 19416, at *12 (W.D.N.C. 2007) (quoting United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993); *see also* Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006) ("An inaccurate prediction of a sentence alone is not enough to meet the standard [of ineffective assistance]."), *cert. denied*, 549 U.S. 1151 (2007); United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995). As the Seventh Circuit has observed:

> [T]he sentencing consequences of guilty pleas (or, for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996). Because Ms. Aguirre's alleged miscalculation of Jones's sentence does not constitute constitutionally deficient

performance, Jones fails to state a claim of ineffective assistance of counsel based on this asserted error.

Moreover, the Fourth Circuit has held that a defendant who pleads guilty cannot show prejudice arising from misinformation his counsel provides regarding sentencing if the court subsequently corrects or clarifies the erroneous information at the Rule 11 hearing. Foster, 68 F.3d at 88. Here, Jones was informed at the Rule 11 hearing of the maximum penalties he faced. In addition, the plea agreement Jones signed clearly set forth the maximum sentences for the offenses to which he pleaded guilty. Plea Agreement 6-8, DE-25. Because any miscommunication about sentencing was corrected at the Rule 11 hearing, Jones cannot show prejudice arising from Ms. Aguirre's allegedly faulty prediction of his sentence. Accordingly, Jones fails to state a claim of ineffective assistance of counsel based on this assertion of error.

Next, Jones states that he told Ms. Aguirre he wanted to appeal his case, but that she advised against it, because an appeal would jeopardize the §5K.1 motion he received, as well as his opportunity of receiving a Rule 35(b) reduction in sentence. Jones does not indicate that, having received this advice, he nevertheless instructed Ms. Aguirre to file an appeal. Failure to file a requested appeal is per se ineffective assistance of counsel, irrespective of the possibility of success on the merits. *See* United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Jones, however, cannot avail himself of this per se rule, as nothing in the record indicates that he requested Ms. Aguirre file an appeal after she advised against it. *See* Foster, 68 F.3d at 88-89; *see also* Twombly, 550 U.S. at 570

14

(complaint must allege sufficient facts to state a claim to relief that is plausible on its face). This claim must instead be analyzed under the *Strickland* standard. See Foster, 68 F.3d at 88-89. Applying *Strickland*, Jones has not shown that, but for counsel's advice, he would have prevailed on appeal or ultimately received a lesser sentence. On the contrary, the record shows that Ms. Aguirre negotiated a favorable plea agreement, thereby obtaining for Jones a three-level reduction in the offense level for acceptance of responsibility. Further, Ms. Aguirre arranged debriefings for her client, resulting in the government's §5K1.1 motion for reduction in sentence based on substantial assistance. Ms. Aguirre filed several sentencing memoranda and successfully argued in favor of a sentence well below the sentencing guidelines. Because Jones fails to allege any facts demonstrating deficient performance by counsel or prejudice arising therefrom, he fails to state a claim of ineffective assistance of counsel.

Finally, Jones contends Ms. Aguirre represented him while simultaneously representing a defendant in state court about whom Jones gave information during debriefings with law enforcement. Jones does not explain how this alleged conflict of interest affected Ms. Aguirre's representation or otherwise resulted in prejudice to him, other than to state that Ms. Aguirre did not obtain a Rule 35 reduction in sentence for him.

The record shows that on February 26, 2009, Ms. Aguirre filed a motion to appoint new counsel for Jones. In the motion to appoint new counsel, Ms. Aguirre related that she could no longer represent Jones due to a conflict of interest that arose following his sentencing. (DE-35). The Court granted the motion for new counsel (DE-36) and

15

attorney Cindy Popkin-Bradley subsequently entered notice of appearance on March 23, 2009. (DE-37). Thus, the conflict of interest about which Jones complains did not arise until after his sentencing and therefore could not have resulted in any prejudice. With regard to the potential Rule 35 reduction in sentence, Ms. Popkin-Bradley was appointed counsel to represent Jones in that endeavor. As Jones has alleged no facts to indicate any deficiency of performance by Ms. Aguirre or prejudice arising from the conflict of interest, he fails to state a claim for ineffective assistance of counsel. Accordingly, the undersigned recommends that the motion to vacate be denied as to this claim.

For all of these reasons, the undersigned recommends that the government's motion to dismiss be granted.

## IV. CONCLUSION

The motion to vacate is untimely and should be dismissed on this basis. Further, even if timely, the motion to vacate fails to state a claim upon which relief may be granted. As such, the undersigned RECOMMENDS that the motion to vacate (DE-40) be DENIED and the government's motion to dismiss (DE-43) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, March 25, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE