IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-322-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MCKINLEY SHONDELL JONES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reduce sentence (DE 92), sealed motion (DE 93), motion to reduce sentence under Amendment 750 (DE 95), and correspondence in support of the same (DE 94, 96). In these motions, defendant seeks relief from his conviction and sentence, and appointment of counsel to assist with the same, including to pursue a claim under Sessions v. Dimaya, 138 S. Ct. 1204, 1207 (2018).

With respect to appointment of counsel, there is no right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F. 3d 405, 416 (4th Cir. 2013). Appointment of counsel may be authorized if the "court determines that the interests of justice so require . . . for any financially eligible person who . . . is seeking relief under . . . 2255 of title 28." 18 U.S.C. § 3006A(2). In this instance, the court determines that the interests of justice do not require appointment of counsel, and in this part defendant's motions are denied.

In addition, defendant's motions, raising substantive claims for relief from conviction and

sentence, must be recharacterized as successive petitions attacking his conviction and sentence under 28 U.S.C. § 2255.[1] See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). 28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive habeas corpus application may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the application. Accordingly, petitioner's motions in this part are DISMISSED for lack of jurisdiction.

SO ORDERED, this the 12th day of July, 2018.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The court also notes that petitioner received a reduction in sentence pursuant to amendments to the sentencing guidelines on March 15, 2016, and that the court previously addressed issues raised pursuant to Federal Rule of Criminal Procedure 35, on March 14, 2017, for which the instant motions do not provide cause to reopen for further proceedings thereon.